

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 16, 1959

Honorable George M. Hilliard
Board of Vocational Nurse Examiners
904 Lavaca Street
Austin 1, Texas

Opinion No. WW-719

Re: Whether under Article
4528c, Vernon's Civil
Statutes, a hospital
which has a licensed
vocational nurse in
charge of nursing or
whether a licensed
physician in charge
of nursing may be
accredited by the Board
for Vocational Nurse
Dear Dr. Hilliard: Training.

Your request for an opinion from this office concerns two questions. They are as follows:

"In view of the requirement contained
in Sec. 12(a) of Art. 4528c, that a hospital
have a 'registered nurse' in charge of nurs-
ing to qualify as an accredited hospital for
vocational nurse training, and in view of
Art. 4522, VRCS, which provides in part that
'a nurse who has received his or her license
or permit according to provisions of this law,
shall be styled a 'registered nurse' . . .,'
may a hospital which meets the other require-
ments for accreditation for vocational nurse
training, but which has a licensed vocational
nurse in charge of nursing, be accredited by
this Board for vocational nurse training?"

Your second question concerns whether a licensed physi-
cian could serve in such capacity.

Section 12a of Article 4528c provides as follows:

"Any general hospital in regular use
for patients which has a registered nurse
in charge of nursing, and whose staff con-
sists of one or more licensed physicians
licensed by the State Board of Medical Ex-
aminers, may qualify as an accredited hos-
pital for Vocational Nurse Training, pro-
vided it can and will meet requirements of
the Board for the training of Vocational
Nurses." (Emphasis added).

This section provides that one of the basic re-
quirements for a general hospital to meet the qualifica-
tions of the Board of Vocational Nurse Examiners is that a
registered nurse be in charge of nursing. The title "reg-
istered nurse" has been prescribed by statute in Chapter 7,
Revised Civil Statutes of Texas. Such statute establishes
the Board of Nurse Examiners and provides qualifications
which must be complied with for a person to become a reg-
istered nurse.

Section 12a provides that a registered nurse be in
charge of nursing in a hospital that seeks accreditation
for vocational nurse training.

It is our opinion that the Legislature, by providing
that a registered nurse with the requirements provided by stat-
ute, be in charge of such training, prohibits all other licensed
or unlicensed nurses from being in charge of vocational nurse
training.

Your second request concerns the question of whether
a licensed physician could serve in such capacity. Section 12a
of Article 4528c provides in part as follows:

". . . and whose staff consists of one
or more licensed physicians licensed by the
State Board of Medical Examiners, . . ."

It is our opinion that it was the intention of the
Legislature that general hospitals that seek to qualify as
accredited hospitals for vocational nurse training must not
only have a registered nurse but must have on its staff one
or more licensed physicians who have been licensed by the

State Board of Medical Examiners to qualify for such training.  Section 12a, therefore, sets out that those hospitals seeking to qualify for vocational nurse training must have a registered nurse and at least one licensed physician before the hospitals can qualify as accredited hospitals for vocational nurse training.

SUMMARY

> A Registered Nurse must be in charge of nursing for a hospital to meet the requirements for accreditation for vocational nurse training as provided for in Section 12a of Article 4528c, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Leon F. Pesek
Assistant

LFP:mfh:rm

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Ralph R. Rash
Robert T. Lewis
Fred Werkenthin
Paul W. Floyd, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert